UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARNELL HUTCHINSON,              : CIVIL NO: 1:11-CV-00320
                                 :
              Plaintiff          :
                                 : (Judge Jones)
        v.                       :
                                 : (Magistrate Judge Smyser)
SHIRLEY MOORE SMEAL, *et al.,*   :
                                 :
              Defendants         :


## REPORT AND RECOMMENDATION

The prisoner plaintiff complains about being assigned to participate in a Batterer's Group and about being issued a misconduct and placed in the Restricted Housing Unit. His amended complaint contains a number of claims. Except as to the retaliation claims against defendants Cook, Wiedel, Clapper, and Johnson, we recommend that the defendants' motion to dismiss the amended complaint be granted. We recommend that the case be remanded to the undersigned for further proceedings as to the retaliation claims against defendants Cook, Wiedel, Clapper, and Johnson.

I. Background and Procedural History.

The plaintiff, a state prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. On July 6, 2011, he filed an amended complaint.

The amended complaint names as defendants: Shirley Moore Smeal, identified as the Acting Secretary of the Pennsylvania Department of Corrections (DOC); Dorina Varner, the Chief Grievance Officer of the DOC; B. Corbin, the Acting Superintendent at the State Correctional Institution at Huntingdon (SCI-Huntingdon); Connie Green, the Grievance Coordinator at SCI-Huntingdon; H. Wiedel, a unit manager at SCI-Huntingdon; P. Lechner, a unit manager at SCI-Huntingdon; C. Cook, a correctional counselor at SCI-Huntingdon; C. Conrad, a correctional counselor at SCI-Huntingdon; Brittney Johnson, a clerk/typist at SCI-Huntingdon; and Sean P. Clapper, a sergeant at SCI-Huntingdon.  The plaintiff alleges the following facts in his amended complaint.

The plaintiff is confined at SCI-Huntingdon.  On October 1, 2010, defendants Wiedel and Cook interviewed the

2

plaintiff for prerelease, outside module housing, and parole. Defendant Cook presented a report which asserted that the plaintiff had done time under a previous inmate number for rape and related charges.  The plaintiff pointed out to defendant Wiedel that if that report were correct the DOC would not have supported him for outside work in 2009.  The plaintiff also mentioned that at his last staffing defendant Cook had reported that he had done time for robbery under a previous inmate number and that he had filed a grievance against defendant Cook regarding that matter.  The plaintiff indicated that he intends to file another grievance now.

Defendant Cook also fabricated a report which stated that a presentence investigation report indicated that the plaintiff's ex-wife had alleged that the plaintiff had physically and mentally abused her.  Defendant Cook recommended that the plaintiff participate in a Batterer's Group.  The plaintiff accused defendant Cook of lying and retaliating against him for filing grievances against him.  Defendant Wiedel then said that she did not have time to check the information at that time and that she would continue the staffing until October 4, 2010.

3

The plaintiff left defendant Wiedel's office, stopped at the sergeant's desk, and asked for a grievance form.  He then returned to his cell.  Defendant Clapper called defendants Wiedel and Cook and told them that the plaintiff was filing a grievance against them.  A few minutes later, the plaintiff was called back to defendant Wiedel's office and was questioned about why he was filing a grievance.  Defendant Wiedel told the plaintiff that she had checked with the records office and that she had been told that the plaintiff does not have any rape convictions and that he was correct in denying such convictions.  The plaintiff told defendant Wiedel that he still intends to file a grievance against defendant Cook because defendant Cook was retaliating against him for prior grievances that he had filed.

Defendant Wiedel then started questioning the plaintiff about a 1972 conviction for assault, asking the plaintiff whether he had assaulted his girlfriend.  The plaintiff told defendant Wiedel to check the records herself.  Defendant Wiedel then started insulting and belittling the plaintiff by saying: "You look much older than fifty-six years old, and you won't get out of jail until you are about eighty years old."

4

The plaintiff responded by saying this is retaliatory "Bull-Sh" just to stop me from getting prerelease and making parole.  The plaintiff left the office and returned to his cell.

Minutes later defendant Clapper came to the plaintiff's cell and told him to pack because he is going to the Restricted Housing unit.  The plaintiff was taken to the Restricted Housing Unit and was given a misconduct report charging that he had used abusive language, that he had disobeyed an order, and that he had threatened a staff member.  Defendant Wiedel wrote in the misconduct report that the plaintiff had been right about not having a rape conviction but that the plaintiff had admitted to assaulting his girlfriend.  The statement about the plaintiff admitting to assaulting his girlfriend is a lie.

The basis for one of the misconduct charges was that the plaintiff had said that he is "no fucking child."  After previously stating that she had not heard the plaintiff make such a statement, defendant Johnson testified during the disciplinary hearing that she had heard the plaintiff make that statement.  The plaintiff received sixty days of disciplinary custody time.

5

The plaintiff filed several grievances regarding defendants Cook, Wiedel, and Clapper.  Defendant Green refused to file those grievances.  The plaintiff also filed a grievance about being placed in the Batterer's Group.  Defendant Green refused to file that grievance as well.  The plaintiff sent a copy of that grievance to defendant Smeal and inquired about why his grievances were not being filed.  Soon thereafter, the grievance concerning the Batterer's Group was filed and sent to defendant Lechner for an investigation and response.

Defendant Lechner investigated and answered the grievance.  He asserted that the plaintiff had admitted having assault charges with regard to his ex-wife.  Defendant Lechner did not explain to whom the plaintiff had allegedly admitted such charges.  None of the other reports mention anything about the plaintiff having assault charges or convictions concerning his ex-wife.

Defendant Conrad assessed the plaintiff as having to participate in the Batterer's Group even though the plaintiff had not been charged with or convicted of spousal abuse.  The plaintiff asked her to look at his criminal records or to call

6

the institution's record office to check the truthfulness of what defendants Cook and Wiedel had written in connection with their recommendation that he participate in the Batterer's Group.  Defendant Conrad responded that their word was good enough.

The plaintiff appealed the denial of his grievance to Defendant Corbin.  Defendant Corbin responded that the plaintiff had self admitted and that the Batterer's Group would be added to his correctional plan.  The plaintiff appealed the denial of his grievances to defendants Smeal and Varner.  Even though he does not have a record of spousal abuse, defendant Varner denied his appeal.  In response to a letter to defendant Smeal, the plaintiff's disciplinary custody time was reduced to 30 days and he was placed on another block away from defendants Cook and Wiedel.  Nothing, however, was done about restoring the plaintiff's "R" Code level and outside work detail.

Because participation in the Batterer's Group was added to his correctional plan, the plaintiff was required to participate in the Batterer's Group therapy sessions in order

to be eligible for a favorable recommendation from the DOC for any advancement or parole.

The amended complaint contains four counts.  Count One is claim of denial of access to the courts.  Count Two is a due process claim against defendants Smeal, Varner, Corbin, Green, Wiedel, Lechner, Cook, and Conrad based on not being provided notice and a hearing prior to being assigned to the Batterer's Group.  Count three is an ex post facto claim based on the plaintiff's assignment to the Batterer's Group.  Count Four is a claim against defendants Cook, Wiedel, Clapper, and Johnson for retaliation for the plaintiff's assertion that he intends to file a grievance against defendant Cook.  In connection with Count Four, the plaintiff claims that these defendants conspired to have him confined in the Restricted Housing Unit to prevent him from filing the grievance and also that their actions were racially motivated because he is a person of color and they objected to him filing a grievance against a co-worker.

The plaintiff is seeking declaratory and injunctive relief as well as compensatory and punitive damages.

8

The defendants have filed a motion to dismiss the amended complaint.

II.  Motion to Dismiss and Pleading Standards.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009).  The statement required by Rule 8(a)(2) must give the defendant fair notice of what the

plaintiff's claim is and of the grounds upon which it rests.
*Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Detailed factual
allegations are not required. *Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 555 (2007).  But more is required than labels,
conclusions, and a formulaic recitation of the elements of a
cause of action. *Id.*  "In other words, a complaint must do more
than allege the plaintiff's entitlement to relief." *Fowler v.
UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009).  "A complaint
has to "show" such an entitlement with its facts." *Id.*  "While
legal conclusions can provide the framework of a complaint,
they must be supported by factual allegations." *Ashcroft,
supra,* 129 S.Ct. at 1950.  "When there are well-pleaded factual
allegations, a court should assume their veracity and then
determine whether they plausibly give rise to an entitlement to
relief." *Id.*

     "To survive a motion to dismiss, a complaint must
contain sufficient factual matter, accepted as true, to 'state
a claim to relief that is plausible on its face.'" *Ashcroft,
supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at
570).  "A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the

10

reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* But "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011).  Rule 8(a)(2) "requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.*  The factual detail necessary to satisfy the standard will vary depending on the case. *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

11

III. Discussion.

The defendants present a number of arguments in support of their motion to dismiss the amended complaint.

A. Eleventh Amendment.

The plaintiff has sued the defendants in both their individual and official capacities.  The defendants contend that the plaintiff's claims against them in their official capacities for damages are barred by the Eleventh Amendment.

Claims against state officials in their official capacities for damages are treated as suits against the state and are barred by the Eleventh Amendment. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984).  Accordingly, the plaintiff's claims for monetary damages against the defendants in their official capacities are barred by the Eleventh Amendment. Claims against the defendants in their official capacities for prospective injunctive relief and claims against the defendants

12

in their individual capacities for monetary damages are not barred by the Eleventh Amendment.

B.    Access to the Courts.

The plaintiff complains that defendant Green failed to file his grievances.  He also complains about how the supervisory defendants handled his grievance appeals.  The defendants contend that the plaintiff's access-to-the-courts claims should be dismissed because an inmate does not have a right to an inmate grievance procedure.

"Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts." *Monroe v. Beard,* 536 F.3d 198, 205 (3d Cir. 2008).  But "[i]t is well-established that inmates do not have a constitutionally protected right to a prison grievance system." *Mitchell v. Dodrill,* 696 F.Supp.2d 454, 469 (M.D.Pa. 2010).  "'When the claim underlying the administrative grievance process involves a constitutional right, the prisoner's right to petition the government for redress is the right to access the courts, which is not

compromised by the prison's refusal to entertain his grievance.'" *Winn v. Dep't of Corrections,* 340 Fed.Appx. 757, 759 (3d Cir. 2009)(quoting *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991)).

The amended complaint fails to state a claim upon which relief can be granted based on the refusal to process the plaintiff's grievances or the investigation of and handling of his grievances and grievance appeals.

C. Due Process.

The plaintiff claims that defendants Smeal, Varner, Corbin, Green, Wiedel, Lechner, Cook, and Conrad denied him due process because he was assigned to the Batterer's Group without notice or a hearing.

The Fourteenth Amendment Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." A procedural due process claim requires a two-part analysis. First, the court

14

must determine whether the interest asserted by the petitioner is within the scope of protection of life, liberty, or property found in the Due Process Clause.  Second, if the interest is protected by the Fourteenth Amendment, the court must determine what procedures constitute "due process of law." *Ingraham v. Wright*, 430 U.S. 651, 672 (1977).

"A prisoner may be deprived of a liberty interest in violation of the Constitution in two ways: (1) when severe changes in conditions of confinement amount to a grievous loss that should not be imposed without the opportunity for notice and an adequate hearing, and (2) when state statutes and regulations create a liberty interest in freedom from restraint that imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,' thereby triggering due process protection." *Renchenski v. Williams,* 622 F.3d 315, 325 (3d Cir. 2010)(citations omitted).

The plaintiff cites *Renchenski, supra,* in support of his due process claim.  In *Renchenski,* the Third Circuit held that an inmate who has never been charged with, nor convicted of, a sex offense is entitled to due process before being

15

classified as a sex offender and required to undergo sex offender treatment. *Id.* at 331.  The court recognized that "prisons have a strong interest in enrolling their inmates in various rehabilitative programs and that prison administrators are in the best position to exercise discretion in administering those programs." *Id.*  But, because of the highly stigmatizing nature of being labeled as a sex offender, which label in the prison setting may endanger a prisoner's safety, and the intrusive nature of the sex offender therapy program, which consisted of weekly psychotherapy sessions for approximately two years, the court held that due process requires adequate process before labeling a prisoner a sex offender and requiring him to undergo treatment. *Id.*

While being labeled as a sex offender in prison is highly stigmatizing, the plaintiff has not pleaded any facts from which it can reasonably be inferred that being labeled as a batterer in prison is highly stigmatizing.  The plaintiff has also not alleged any facts from which it can reasonably be inferred that the Batterer's Group requires the type of intensive and intrusive therapy as does the sex offender

therapy at issue in *Renchenski.*  Thus, *Renchenski* is
distinguishable from this case.

Because the plaintiff has not alleged a severe change
in his conditions of confinement amounting to a grievous loss,
we conclude that he did not have a liberty interest protected
by the Due Process Clause in not being assigned to participate
in the Batterer's Group.  Since the plaintiff does not have a
liberty interest protected by the Due Process Clause, the
amended complaint fails to state a due process claim upon which
relief may be granted.

D. Retaliation.

The plaintiff claims that defendants Cook, Wiedel,
Clapper, and Johnson retaliated against him because he
threatened to file another grievance against defendant Cook.

A prisoner claiming that prison officials have
retaliated against him for exercising his constitutional rights
must prove that: 1) the conduct in which he was engaged was

17

constitutionally protected; 2) he suffered adverse action at
the hands of prison officials; and 3) his constitutionally-
protected conduct was a substantial or motivating factor in the
decision of the defendants. *Carter v. McGrady,* 292 F.3d 152,
158 (3d Cir. 2002).

The defendants contend that the amended complaint fails
to state a retaliation claim upon which can be granted because
the plaintiff has not alleged an adverse action by the
defendants.  In the context of a retaliation claim, an adverse
action is an action sufficient to deter a person of ordinary
firmness from exercising his or her constitutional rights.
*Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir. 2001).  The
plaintiff alleges that he was issued a misconduct based on
false allegations and that he was sentenced to the Restricted
Housing Unit as result.  This is sufficient to allege an
adverse action. *See Mitchell v. Horn,* 318 F.3d 523, 530 (3d
Cir. 2003)(holding that allegation that the prisoner was
falsely charged with misconduct in retaliation for filing
complaints against officer stated a claim upon which relief can
be granted).  Accordingly, the plaintiff has sufficiently
alleged an adverse action.

18

Defendants Clapper and Johnson contend that the amended complaint fails to state retaliation claims against them because the allegations as to them do not involve constitutionally protected conduct on the part of the plaintiff.  This is a curious argument because the retaliation claims against them are based on the same constitutionally protected conduct on the plaintiff's part (i.e. the plaintiff's threat to file another grievance against defendant Cook) as are the retaliation claims against the other defendants.  In support of their contention that the plaintiff's retaliation claims against them do not involve constitutionally protected conduct on the part of the plaintiff, defendants Clapper and Johnson focus on the actions they are alleged to have taken. But the issue of whether the plaintiff engaged in constitutionally protected conduct has nothing to do with the actions that the defendants allegedly took in retaliation for that conduct.

It appears that defendants Clapper and Johnson are contending that the amended complaint fails to state a retaliation claim upon which relief can be granted against them because their conduct was not an independent constitutional

violation.  This argument, however, is without merit because
even actions which standing alone do not violate the
Constitution may be a constitutional violation if taken as
retaliation for constitutionally protected conduct. *See Allah
v. Seiverling,* 229 F.3d 220, 224-25 (3d Cir. 2000).

The defendants' arguments as to the retaliation claims
are without merit

E. Equal Protection and Conspiracy.

The plaintiff claims that defendants Cook, Wiedel,
Clapper, and Johnson conspired to have him confined in the
Restricted Housing Unit to prevent him from filing a grievance
and that their actions were racially motivated because he is a
person of color and they objected to him filing a grievance
against a co-worker.  We construe the amended complaint as
attempting to state both a conspiracy and an equal protection
claim upon which relief can be granted.

The Equal Protection Clause "is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'" *Artway v. Attorney General*, 81 F.3d 1235, 1267 (3d Cir. 1996)(quoting *City of Cleburn v. Cleburn Living Center*, 473 U.S. 432, 439 (1985)).  In order to establish a viable equal protection claim a plaintiff must show an intentional or purposeful discrimination. *Wilson v. Schillinger*, 761 F.2d 921, 929 (3d Cir. 1985).

The plaintiff has not alleged facts from which it can reasonably be inferred that he was treated differently than similarly situated prisoners or that the defendants intentionally or purposely discriminated against him. Accordingly, the amended complaint fails to state an equal protection claim upon which relief may be granted.

"The essence of a conspiracy is an agreement." *United States v. Kelly,* 892 F.2d 255, 258 (3d Cir. 1989).  To state a conspiracy claim under 42 U.S.C. § 1983 upon which relief can be granted, a plaintiff must allege "facts from which a

conspiratorial agreement can be inferred." *Great Western Mining & Mineral Co. v. Fox Rothschild LLP,* 615 F.3d 159, 178 (3d Cir. 2010).  "To properly plead such an agreement, 'a bare assertion of conspiracy will not suffice.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

The plaintiff has not pleaded facts to support his conspiracy allegation.  Accordingly, the amended complaint fails to state a conspiracy claim upon which relief can be granted.

F. Ex Post Facto.

The plaintiff claims that the defendants violated the Ex Post Facto Clause.

"The Ex Post Facto Clause 'applies to a statutory or policy change that 'alters the definition of criminal conduct or increases the penalty by which a crime is punishable.''" *Newman v. Beard,* 617 F.3d 775, 784 (3d Cir. 2010)(quoting *Mickens-Thomas v. Vaughn,* 321 F.3d 374, 383 (3d Cir.

2003)(quoting *Cal. Dep't of Corr. V. Morales,* 514 U.S. 499, 506
n.3 (1995)).   There are two prongs to the ex post facto
inquiry: 1) whether there was a change in the law or policy
which has been given retrospective effect, and 2) whether the
plaintiff was disadvantaged by the change. *Id.*

        The plaintiff has not alleged facts from which it can
reasonably be inferred that there was a change in law or policy
that was given retrospective effect or that he was
disadvantaged by any such change.   Accordingly, the amended
complaint fails to state an ex post facto claim upon which
relief may be granted.

        G. Leave to Amend.

        "[I]f a complaint is subject to a Rule 12(b)(6)
dismissal, a district court must permit a curative amendment
unless such an amendment would be inequitable or futile."
*Phillips v. County of Allegheny,* 515 F.3d 224, 245 (3d Cir.
2008).   After screening the complaint, we granted the plaintiff
leave to filed an amended complaint, and the plaintiff filed an

amended complaint.  Still, except for the retaliation claims against defendants Cook, Wiedel, Clapper, and Johnson, the amended complaint fails to state a claim upon which relief can be granted.  Further leave to amend would be futile.

IV.  Recommendations.

Based on the foregoing, it is recommended that the defendants' motion (doc. 24) to dismiss the amended complaint be granted in part and denied in part.  It is recommended that the retaliation claims against defendants Cook, Wiedel, Clapper, and Johnson not be dismissed.  It is recommended that the motion to dismiss otherwise be granted. Finally, it is recommended that the case be remanded to the undersigned for further proceedings.

                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  January 18, 2012.

24