IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARNELL HUTCHINSON, | : | 1:11-cv-320 |
| | : | |
| Plaintiff, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. J. Andrew Smyser |
| SHIRLEY MOORE SMEAL, *et al.,* | : | |
| | : | |
| Defendants. | : | |

# ORDER

### March 27, 2012

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Before the Court is a Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser filed on January 18, 2012 (Doc. 43), that recommends we grant in part and deny in part the Defendants' Motion to Dismiss. (Doc. 24). Specifically, the Magistrate Judge recommends that we dismiss all of the claims contained within *pro se* Plaintiff Darnell Hutchinson's ("Plaintiff" or "Hutchinson") amended complaint, save for his retaliation claims against Defendants Cook, Wiedel, Clapper and Johnson. After being granted an extension of time within which to do so, Hutchinson filed objections to the R&R on March 22, 2012. (Doc. 48). Accordingly, this matter is ripe for our review.

I.  **STANDARD OF REVIEW**[1]

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

II. **DISCUSSION**

As noted above, Magistrate Judge Smyser recommends that all of Plaintiff's claims, save for his retaliation claim against Defendants Cook, Wiedel, Clapper and Johnson, be dismissed. Plaintiff objects to the Magistrate Judge's recommendation of dismissal of his due process, equal protection and conspiracy claims. Before we turn to an analysis of the Magistrate Judge's recommendations

---

[1] The standard of review applied to F.R.C.P. 12(b)(6) motions to dismiss is set forth by the Magistrate Judge at pages 9-11 of the R&R.

and the Plaintiff's objections, we shall briefly summarize the salient facts that give rise to this action.[2]

## 1.     Factual Background

Plaintiff is an inmate at the State Correctional Institution at Huntington, Pennsylvania. He claims that, during the interview process for prerelease and parole, he was wrongfully accused of certain things in his past, including being questioned about whether he had a previous rape conviction and whether he had physically abused his spouse. This information concerning his spouse was gleaned from information contained in a presentence report, wherein it states that Plaintiff's ex-wife had told the preparer of the report that he had physically and mentally abused her. Based on this information, Defendant Cook recommended that Plaintiff participate in the "Batterer's Group," which is a type of therapy treatment program at the institution. Plaintiff responded by accusing Cook of lying and retaliating against him for filing grievances. Plaintiff alleged that

---

[2] Notably, the Plaintiff does not object to the Magistrate Judge's recommendation that his claims for monetary damages against the Defendants in their official capacities are barred by the Eleventh Amendment. Nor does he challenge the Magistrate Judge's recommendation that his access to the courts claim be dismissed because it is well established that inmates do not have a constitutional right to a grievance procedure. *See Luckett v. Blaine*, 850 A.2d 811, 820 (Pa. Cmwlth. 2004)("[G]rievance procedures were established by Department of Corrections regulations and, as such, they do not implicate rights under the United States and Pennsylvania Constitutions." *Sandin v. Conner*, 515 U.S. 472 (1995)). Finding no error in these recommendations, they shall be adopted.

Defendant Wiedel said that she did not have time to check out the information at that time and that she would continue his participation in the program.  Plaintiff left Wiedel's office and stopped at the sergeant's desk to ask Defendant Clapper for a grievance form.

    Plaintiff alleges that Defendant Clapper informed Wiedel and Cook that he was about to file a grievance, and that Plaintiff was then called back into Wiedel's office and questioned about why he was filing a grievance.  Wiedel told Plaintiff that she had checked with the records office and had been told that Plaintiff did not have any rape convictions.  Plaintiff told Wiedel that he was still going to file a grievance against Cook because he felt Cook was retaliating against him for prior grievances he had filed.

    Plaintiff alleges that Wiedel then began questioning him about a 1972 conviction for assault, asking him whether he had assaulted his girlfriend.  Plaintiff told Wiedel to "check the records to see for herself," and Wiedel allegedly responded by insulting and belittling Plaintiff by saying: "You look much older than fifty-six years old and you won't get out of jail until you are about eighty years old."  Plaintiff responded by saying this was "retaliatory Bull-Sh" to prevent him from getting prerelease and making parole.  After Wiedel told Plaintiff he could return to his cell, Defendant Clapper allegedly came to his cell

and told Plaintiff to pack because he was going to the Restricted Housing Unit ("RHU").

Plaintiff next alleges that he was taken to the RHU and was given a misconduct report charging him with using abusive language, disobeying an order and threatening a staff member.[3]  Wiedel did write on the misconduct report that Plaintiff had been correct about not having a rape conviction.  She also wrote that he had admitted to assaulting his girlfriend, which Plaintiff contends is a lie.  Plaintiff received sixty days of disciplinary custody time.

### 2.   Analysis

The Plaintiff objects to the Magistrate Judge's conclusion that Plaintiff did not have a due process right to notice and a hearing with respect to his assignment in the Batterer's Group.

"A prisoner may be deprived of a liberty interest of the Constitution in two ways: (1) when severe changes in conditions of confinement amount to a grievous loss that should not be imposed without the opportunity for notice and an adequate hearing; and (2) when state statutes and regulations create a liberty interest in freedom from restraint that imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life[,]' thereby triggering due

---

[3] The threatening a staff member charge was later dismissed.

process protection." *See Renchenski v. Williams*, 622 F. 3d 315, 325 (3d Cir. 2010) quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

Magistrate Judge Smyser rejected Plaintiff's contention that by forcing him to accept the Batterer's Group programming without notice or a hearing, he was being deprived of his due process rights. Plaintiff contended before Magistrate Judge Smyser, as he does now on his objections, that he is similar to the inmate in *Renchenski*. In *Renchenski*, the Third Circuit held that an inmate who had never been charged with, nor convicted of, a sex offense, is entitled to due process before being classified as a sex offender and required to undergo sex offender treatment. *Id*. at 331. The court recognized that "prisons have a strong interest in enrolling their inmates in various rehabilitative programs and that prison administrators are in the best position to exercise discretion in administering those programs." *Id.* But, because of the highly stigmatizing nature of being labeled as a sex offender, which label in the prison setting may endanger a prisoner's safety, and the intrusive nature of the sex offender therapy program, which consisted of weekly psychotherapy sessions for approximately two years, the court held that due process requires adequate process before labeling a prisoner a sex offender and requiring him to undergo treatment. *Id*. Magistrate Judge Smyser reasoned that, while being labeled a sex offender in prison is highly stigmatizing, that the

Plaintiff had not established that being labeled as a batterer in prison is highly stigmatizing, and thus recommends that his due process claim be dismissed.

While the Court may ultimately conclude that being labeled a "batterer" does not attach the same level of stigma as being labeled a sex offender, and as such due process rights are not implicated, we find at this juncture in the litigation, it would be premature to dismiss the Plaintiff's due process claim.  It is our view that this claim needs further factual development before it can be appropriately adjudicated.  Accordingly, we shall exercise the greater caution and reject the Magistrate Judge's recommendation that the Plaintiff's due process claim be dismissed.[4]

The Plaintiff also objects to the Magistrate Judge's recommendation that his equal protection and conspiracy claims be dismissed.  Plaintiff claims that Defendants Cook, Wiedel, and Clapper[5] conspired to have him confined in the RHU to prevent him from filing a grievance and that their actions were racially motivated because he is a person of color and they objected to him filing a

---

[4] We note that, in our view, the essence of Plaintiff's *ex post facto* claim really is the same as his due process claim pertaining to his assignment to the Batterer's Group.  Thus, we shall dismiss the *ex post facto* claim and permit Plaintiff to argue principles of *ex post facto* violations with respect to his due process claim going forward.

[5] Plaintiff notes in his objections that he does not assert these claims against Defendant Johnson.

grievance against a co-worker.  Plaintiff alleges that these Defendants mutually agreed to make false misconduct reports against Plaintiff based on his race.  In our view, Plaintiff has made sufficient factual allegations to move these claims past the motion to dismiss stage.  Thus, we respectfully disagree with Magistrate Judge Smyser's conclusions, which were made absent exhaustive analysis, and shall reject his recommendation to dismiss these claims as well.

## III.   CONCLUSION

Accordingly, based on the foregoing, we shall adopt the R&R in part and reject it in part and the Defendants' Motion to Dismiss shall be granted in part and denied in part as follows.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Report and Recommendation (Doc. 43) of Magistrate Judge Smyser is **ADOPTED IN PART** and **REJECTED IN PART** as follows:

    a. The Defendants' Motion to Dismiss (Doc. 24) is **GRANTED** with respect to the Plaintiff's official capacity claims for monetary damages, his access to the courts claim and his *ex post facto* claim.  These claims are **DISMISSED**.

    b. The Motion to Dismiss is **DENIED** in all other respects

2.    This matter is **REMANDED** to Magistrate Judge Smyser for all further pre-trial management.

s/ John E. Jones III<br>
John E. Jones III<br>
United States District Judge